IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOYCE OSBORNE            )
                         )
v.                       ) NO. 3-12-0448
                         ) JUDGE CAMPBELL
TARGET CORP.             )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 14). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

This action is a premises liability case arising from Plaintiff's fall in a Target store in Franklin, Tennessee. Plaintiff alleges that while she was shopping in Defendant's store, she slipped and fell on a liquid substance (she believed to be coffee or ice cream) in the greeting card aisle of the store.

Plaintiff contends that Defendant negligently maintained the premises, negligently failed to inspect the premises, and negligently failed to warn Plaintiff of a dangerous condition. She asserts that she sustained serious injuries as a result of Defendant's negligence.

Defendant has moved for summary judgment and argues that Target had no notice of the spill which allegedly caused Plaintiff's fall and that Plaintiff cannot show that Target reasonably should have known about it. Defendant also asserts that Plaintiff was more than 50% at fault for her fall and, thus, is barred from bringing this claim.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

PREMISES LIABILITY

To establish the elements of a negligence claim, Plaintiff must show (1) a legally recognized duty owed by Defendant to the Plaintiff; (2) Defendant's breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) legal cause. *Hardeman County v. McIntyre*, 2013 WL 1227034 at * 4 (Tenn. Ct. App. March 27, 2013) (citing *Giggers v. Memphis Housing Auth.*, 277 S.W.3d 359, 364

2

(Tenn. 2009)). Negligence is ordinarily an issue to be decided by a jury and can be withdrawn from the jury only in those cases where the facts are established by evidence free from conflict and the inference from the facts is so certain that all reasonable minds must agree. *Williams v. Brown*, 860 S.W.2d 854, 857 (Tenn. 1993).

An owner and/or operator of a place of business has a duty to exercise reasonable care with regard to social guests or business invitees on the premises. *Piana v. Old Town of Jackson*, 316 S.W.3d 622, 630 (Tenn. Ct. App. 2009). The term "reasonable care" must be given meaning in relation to the circumstances. *Doe v. Linder Construction Co., Inc.*, 845 S.W.2d 173, 178 (Tenn. 1992). The duty of care includes maintaining the premises in a reasonably safe condition either by removing or repairing potentially dangerous conditions or by helping customers and guests avoid injury by warning them of the existence of dangerous conditions that cannot, as a practical matter, be removed or repaired. *Piana*, 316 S.W.3d at 630.

The operator of a premises, however, does not have a duty to remove or warn against conditions from which no unreasonable risk was to be anticipated or from those which the operator neither knew about nor could have discovered with reasonable care. *Id*. The existence of a dangerous condition alone will not give rise to a duty unless it is shown to be of such a character or of such duration that the jury may reasonably conclude that due care would have discovered it. *Longmire v. The Kroger Co.*, 134 S.W. 3d 186, 188-89 (Tenn. Ct. App. 2003). If the dangerous condition was created by a third party, a plaintiff must show that the owner/operator had actual or constructive knowledge of the condition. *Id*. at 189.

The Court finds that, in this case, the issue of whether Defendant had actual or constructive knowledge of the dangerous condition prior to the accident is a disputed issue of material fact. For

example, Plaintiff contends that no Target employees had been in the greeting card aisle for more than thirty minutes prior to her fall. Defendant claims that only five or ten minutes had elapsed from the time one of its employees walked in that aisle and did not notice any substance on the floor. Whether a Target employee reasonably should have discovered the foreign substance on the floor before Plaintiff's fall is a question for the jury. Whether Defendant's employees should reasonably have inspected the aisle sooner and cleaned up the spill remains for the jury to determine.

Similarly, whether Plaintiff herself was negligent is a disputed issue of material fact. Whether Plaintiff reasonably should have been able to see the dangerous condition and avoid it must be determined by the jury. Moreover, if Plaintiff was negligent, whether she was more than 50% at fault for this accident is also a question for the jury. These questions of fact, particularly as to what is reasonable, must be submitted to a jury.

## CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment (Docket No. 14) is DENIED.

IT IS SO ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE